# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLEHAWK SANCHEZ, | Case No. 1:10-cv-01194-SAB |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| DERRAL G. ADAMS, et al. | ECF NO. 1 |
| Defendants. | THIRTY (30) DAY DEADLINE |

## I.

## INTRODUCTION

Plaintiff Littlehawk Sanchez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims and will dismiss Plaintiff's complaint with leave to amend.

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that

1

"seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff names Derral G. Adams (warden), V. Amirpour (medical doctor), J. Walker (chief of health care services), E. Dava (registered nurse), Bondoc (registered nurse), E. Garnett (registered nurse) and "John / Jane Doe's" (registered nurses) as defendants in this action. (Compl. 2-3.) Plaintiff was incarcerated at the California State Prison in Corcoran, California at the time of the events described in his complaint. (Compl. ¶¶ 2-4.)

Plaintiff alleges that his medical condition was not treated in a timely manner. On May 6, 2008, Plaintiff filed a health care services request form about pain in his right wrist which returned after a non-successful surgery. (Compl. ¶ 6.) Plaintiff alleges that he was "called and cared for by a one E. Garnett on 5-10-08 by way of medication ordered." (Compl. ¶ 6.)

///

On May 10, 2008, Plaintiff filed another health care services request form about the pain in his wrist, which was referred to "PCP[1]" by Garnett on May 11, 2008. (Compl. ¶ 7.)

On June 19, 2008, Plaintiff filed another health care services request form concerning the cyst on his right wrist and pain in his left knee. (Compl. ¶ 8.) On June 20, 2008, Garnett determined that Plaintiff's "right wrist is raised, and also has a lump on it." (Compl. ¶ 8.) Also on June 20, 2008, Plaintiff was given "a physical assessment of his condition." (Compl. ¶ 9.)

On August 25, 2008, Plaintiff filed a health care services request form concerning the cyst on his right wrist. (Compl. ¶ 10.) On August 27, 2008, Plaintiff's "medical needs" were reviewed by Garnett and Plaintiff was again referred to his primary care physician. (Compl. ¶ 10.)

On September 16, 2008, Plaintiff filed another health care services request form about his "continued medical needs and growing issues." (Compl. ¶ 11.) Garnett forwarded Plaintiff's request to his primary care physician. (Compl. ¶ 11.)

On November 24, 2008, Plaintiff filed another health care services request form which was referred to his primary care physician by E. Dava. (Compl. ¶ 13.) On November 26, 2008, Plaintiff alleges that an "Encounter Form" was filled out where Davis noted that it was "urgent" to use "elastic bandages" on Plaintiff's right wrist. (Compl. ¶ 14.)

On December 29, 2008, Plaintiff filed another health care services request form which Garnett referred to the primary care physician. (Compl. ¶ 15.) On January 14, 2009, Plaintiff filed a health care services request form about Plaintiff's "surgery date," which Dava referred to Plaintiff's primary care physician. (Compl. ¶ 16.)

On January 16, 2009, Plaintiff was examined by Bondoc. (Compl. ¶ 17.) Plaintiff alleges that all his prior medical complaints "were assessed and found to be true." (Compl. ¶ 17.) On April 9, 2009, Plaintiff was assessed by V. Amirpour. (Compl. ¶ 18.) Plaintiff alleges that Amirpour found that Plaintiff had a "factual need for surgery on examination." (Compl. ¶ 18.)

///

---

[1] Although Plaintiff does not explain what "PCP" means, it presumably means Plaintiff's primary care physician.

3

On April 29, 2009, a "CDC 7221 Form" was issued by Bondoc "ordering for medication in light of the right wrist, and cyst, and pending of surgery." (Compl. ¶ 19.)

Plaintiff filed a staff complaint regarding his medical treatment. (Compl. ¶ 20.) On June 21, 2010, Plaintiff filed a government claim pertaining to his medical treatment. (Compl. ¶ 21.) Plaintiff alleges that his rights under the Eighth Amendment were violated to due inadequate medical care. Plaintiff contends that the defendants "acted with unwarranted assessments when medical facts supporting the plaintiff's injuries to be true and painful." (Compl. ¶ 24.) Plaintiff further alleges that the defendants "acted with deliberate indifference to commit from not providing plaintiff a second surgery upon his right wrist." (Compl. ¶ 25.)

## IV.

## DISCUSSION

### A. Eighth Amendment Deliberate Indifference Claims

Plaintiff raises claims under Section 1983 for the violation of the Eighth Amendment's prohibition against cruel and unusual punishments. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

2006).  The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.

Plaintiff's Eighth Amendment claims fail because Plaintiff fails to allege facts that plausibly support the conclusion that the defendants acted with deliberate indifference.  Plaintiff's complaint alleges that Plaintiff filed numerous requests for medical care and each request was referred to Plaintiff's primary care physician and Plaintiff was given numerous examinations and assessments.  Plaintiff was also given medication on several occasions.  These facts do not support the conclusion that any defendant acted with deliberate indifference.

Plaintiff's claims appear to be based upon Plaintiff's contention that he should have received surgery for the cyst on his right wrist.  However, in order to rise to the level of an Eighth Amendment violation, Plaintiff must allege facts which plausibly support the conclusion that the defendants' chosen course of treatment (in this case, repeated assessments and treatment via medication) was medically unacceptable under the circumstances and was chosen by the defendants in conscious disregard of an excessive risk to Plaintiff's health.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  The facts here do not plausibly support the conclusion that the defendants acted in a medically unacceptable manner.  Plaintiff's complaint fails to state any cognizable claims under the Eighth Amendment.

**B.     Failure to Provide Individualized Factual Allegations Establishing Causation**

Plaintiff's claims fail because Plaintiff fails to provide individualized factual allegations demonstrating how each defendant violated Plaintiff's rights.  "In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury."  Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).  "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation."  Id.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Here, Plaintiff's complaint fails to show how each individual defendant was deliberately indifferent toward Plaintiff's medical needs.  For example, Plaintiff names Adams as a defendant

and identifies Adams as the warden of the prison, but fails to allege any facts that show that Adams was aware of Plaintiff's specific predicament or that Adams was aware of Plaintiff's medical needs. Plaintiff does not allege that Adams was directly involved in Plaintiff's medical treatment. Similarly, Plaintiff identifies Defendant Walker as the "chief" of health care services, but fails to identify his/her involvement in Plaintiff's treatment. Plaintiff is advised that supervisory officials such as wardens cannot be held liable for the unconstitutional conduct of their subordinates solely by reason of their supervisory positions. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). In order to state a claim against Adams, Plaintiff must allege facts that show that Adams and Walker were directly involved in the violation of Plaintiff's constitutional rights.

Plaintiff alleges little, if any, misconduct by the remaining defendants. Dr. Amirpour was a doctor who examined Plaintiff on one occasion, but Plaintiff fails to identify any misconduct by Amirpour during that examination. Similarly, Plaintiff alleges that Defendant Bondoc examined Plaintiff and provided him with some medication, but fails to allege how this constitutes deliberate indifference. Defendants Dava and Garnett were nurses who processed Plaintiff's medical treatment requests and forwarded them to Plaintiff's primary care physician. Plaintiff fails to allege how these actions were deliberately indifferent. Plaintiff fails to allege any facts that demonstrate that any individual defendant acted with deliberate indifference. Accordingly, Plaintiff fails to state a cognizable claim against any defendant.

## V.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678. "The inquiry into causation must be individualized and focus on

the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 24, 2010, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 1, 2013**

UNITED STATES MAGISTRATE JUDGE