# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITTLEHAWK SANCHEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL G ADAMS, et al.,<br><br>　　　　　Defendants. | Case No. 1:10-cv-01194-SAB<br><br>ORDER SCREENING FIRST AMENDED COMPLAINT AND DISMISSING CLAIMS WITHOUT LEAVE TO AMEND<br><br>ECF NO. 19 |

## I.

## INTRODUCTION

Plaintiff Littlehawk Sanchez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a United States Magistrate Judge for all purposes (ECF No. 7) and no other parties have appeared in this action.

Plaintiff filed the original complaint in this action on June 24, 2010. (ECF No. 1.) On May 1, 2013, the Court screened Plaintiff's complaint and found that it did not state any cognizable claims. (ECF No. 15.) The Court dismissed Plaintiff's claims with leave to amend.

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims and will dismiss Plaintiff's claims without leave to amend.

/ / /

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff's First Amended Complaint names Derral G. Adams (warden), V. Amirpour (doctor), J. Walker (chief of health care services), E. Dava (registered nurse), Bondoc (registered

1  nurse), E. Garnett (registered nurse) and John/Jane Does (registered nurses) as defendants (all
2  defendants will collectively be referred to as "Defendants").  (First Am. Compl. 2-3.)

3       Plaintiff's First Amended Complaint vaguely alleges that various prison officials failed to
4  provide Plaintiff with adequate medical care.  (First Am. Compl. 3.)  The First Amended
5  Complaint contains little detail regarding Plaintiff's condition, injury or need for medical care.
6  (First Am. Compl. 3.)  Plaintiff vaguely alludes to the "excision of ganglion cyst and repair of
7  legimit[sic] requested on 4/9/09."  (First Am. Compl. 3.)  Plaintiff alleges that he has "permanent
8  nerve damage" and "a numb and unsteady hand that will forever cause [him] pain."  (First Am.
9  Compl. 3.)

10 **IV.**

11 **DISCUSSION**

12 **A.  Plaintiff Failed To Comply with the Court's Order Regarding Amendments**

13      Local Rule 220 requires amended complaints to "be retyped and filed so that it is
14 complete in itself without reference to the prior or superseded pleading."  The Court's prior
15 screening order expressly advised Plaintiff of Local Rule 220's requirements.  (Order Dismissing
16 Compl. with Leave to Amend, for Failure to State a Claim 7:5-8.)

17      It appears Plaintiff failed to comply with Local Rule 220, as his First Amended Complaint
18 does not contain the same level of detail as his original complaint and fails to provide the same
19 degree of context regarding the incidents that give rise to Plaintiff's claims.  Although the Court
20 generally will not consider prior, superseded pleadings when assessing the sufficiency of a
21 complaint, in this case the Court will consider both Plaintiff's original complaint and the First
22 Amended Complaint to determine whether Plaintiff's claims are capable of being cured by the
23 allegation of additional facts and whether Plaintiff should be granted further leave to amend.

24 **B.  Plaintiff's Eighth Amendment Claims**

25      Plaintiff claims that Defendants violated his rights under the Cruel and Unusual
26 Punishments Clause of the Eighth Amendment by failing to provide Plaintiff with adequate
27 medical care. Plaintiff raises claims under Section 1983 for the violation of the Eighth
28 Amendment's prohibition against cruel and unusual punishments.  To constitute cruel and

1  unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.

In his original complaint, Plaintiff generally alleged that Plaintiff filed numerous requests for medical care regarding pain in his right wrist. Plaintiff previously received surgery, but the pain had returned. In response to Plaintiff's requests, Plaintiff was referred to his primary care physician and given numerous examinations and assessments. Plaintiff was also given medication for his pain. However, Plaintiff claimed that his constitutional rights were violated because he should have received a second surgery for his wrist instead of repeated assessments and medication.

Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. A mere difference of medical opinion does not rise to the level of an Eighth Amendment violation. Toguchi v. Chung, 391 F.3d 1051, 1059-60 (9th Cir. 2004). In order to violate the Eighth Amendment, Plaintiff must allege facts that plausibly support the conclusion that Defendants' chosen course of treatment was medically unacceptable under the circumstances and was chosen

by Defendants in conscious disregard of an excessive risk to Plaintiff's health. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). The facts alleged by Plaintiff in both his original claim and the First Amended Complaint fail to plausibly support the conclusion that Defendants acted with deliberate indifference. Even if Plaintiff was of the opinion that a more aggressive treatment plan was warranted (i.e., a second surgery), Plaintiff does not allege any facts that plausibly support the conclusion that Defendants' decision to proceed with a more conservative approach was medically unacceptable under the circumstances or was chosen in conscious disregard of an excessive risk to Plaintiff's health. Accordingly, Plaintiff fails to state any cognizable claims under the Eighth Amendment.

### C.     Dismissal Without Leave To Amend

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotations and citations omitted). However, leave to amend may be denied if the plaintiff was previously informed of the deficiencies in his claims and fails to cure those deficiencies. Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

The Court previously informed Plaintiff of the deficiencies in his claims and the allegations in Plaintiff's First Amended Complaint fail to address those deficiencies. Accordingly, the Court finds that Plaintiff's claims cannot possibly be cured by the allegation of other facts. Accordingly, Plaintiff's claims will be dismissed without leave to amend.

## V.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims under 42 U.S.C. § 1983 for the violation of Plaintiff's rights under the Eighth Amendment. Moreover, the Court finds that Plaintiff's claims cannot be cured by the allegation of additional facts.

///

///

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is DISMISSED, without leave to amend, for failure to state any claims; and
2. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated: **June 17, 2013**

_____
UNITED STATES MAGISTRATE JUDGE