1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11 LITTLEHAWK SANCHEZ,

12              Plaintiff,

13       v.

14 DERRAL G ADAMS, et al.,

15              Defendants.

Case No.  1:10-cv-01194-SAB

ORDER SCREENING FIRST AMENDED
COMPLAINT AND DISMISSING CLAIMS
WITHOUT LEAVE TO AMEND

ECF NO. 19

16

17                                    **I.**

18                          **INTRODUCTION**

19       Plaintiff Littlehawk Sanchez ("Plaintiff") is a state prisoner proceeding pro se and in

20 forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to

21 the jurisdiction of a United States Magistrate Judge for all purposes (ECF No. 7) and no other

22 parties have appeared in this action.

23       Plaintiff filed the original complaint in this action on June 24, 2010.  (ECF No. 1.)  On

24 May 1, 2013, the Court screened Plaintiff's complaint and found that it did not state any

25 cognizable claims.  (ECF No. 15.)  The Court dismissed Plaintiff's claims with leave to amend.

26       For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint

27 fails to state any cognizable claims and will dismiss Plaintiff's claims without leave to amend.

28 / / /

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff's First Amended Complaint names Derral G. Adams (warden), V. Amirpour (doctor), J. Walker (chief of health care services), E. Dava (registered nurse), Bondoc (registered

nurse), E. Garnett (registered nurse) and John/Jane Does (registered nurses) as defendants (all defendants will collectively be referred to as "Defendants").  (First Am. Compl. 2-3.)

Plaintiff's First Amended Complaint vaguely alleges that various prison officials failed to provide Plaintiff with adequate medical care.  (First Am. Compl. 3.)  The First Amended Complaint contains little detail regarding Plaintiff's condition, injury or need for medical care. (First Am. Compl. 3.)  Plaintiff vaguely alludes to the "excision of ganglion cyst and repair of legimit[sic] requested on 4/9/09."  (First Am. Compl. 3.)  Plaintiff alleges that he has "permanent nerve damage" and "a numb and unsteady hand that will forever cause [him] pain."  (First Am. Compl. 3.)

**IV.**

**DISCUSSION**

**A.    Plaintiff Failed To Comply with the Court's Order Regarding Amendments**

Local Rule 220 requires amended complaints to "be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading."  The Court's prior screening order expressly advised Plaintiff of Local Rule 220's requirements.  (Order Dismissing Compl. with Leave to Amend, for Failure to State a Claim 7:5-8.)

It appears Plaintiff failed to comply with Local Rule 220, as his First Amended Complaint does not contain the same level of detail as his original complaint and fails to provide the same degree of context regarding the incidents that give rise to Plaintiff's claims.  Although the Court generally will not consider prior, superseded pleadings when assessing the sufficiency of a complaint, in this case the Court will consider both Plaintiff's original complaint and the First Amended Complaint to determine whether Plaintiff's claims are capable of being cured by the allegation of additional facts and whether Plaintiff should be granted further leave to amend.

**B.    Plaintiff's Eighth Amendment Claims**

Plaintiff claims that Defendants violated his rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment by failing to provide Plaintiff with adequate medical care. Plaintiff raises claims under Section 1983 for the violation of the Eighth Amendment's prohibition against cruel and unusual punishments.   To constitute cruel and

3

1   unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the

2   wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A

3   prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the

4   prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and

5   (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391

6   F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)

7   (citation omitted)).  In order to find a prison official liable under the Eighth Amendment for

8   denying humane conditions of confinement within a prison, the official must know "that inmates

9   face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable

10  measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

11      To maintain an Eighth Amendment claim based on prison medical treatment, an inmate

12  must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition

13  could result in further significant injury or the unnecessary and wanton infliction of pain, and (2)

14  a deliberately indifferent response by defendant.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

15  2006).  The deliberate indifference standard is met by showing (a) a purposeful act or failure to

16  respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.

17      In his original complaint, Plaintiff generally alleged that Plaintiff filed numerous requests

18  for medical care regarding pain in his right wrist.  Plaintiff previously received surgery, but the

19  pain had returned.  In response to Plaintiff's requests, Plaintiff was referred to his primary care

20  physician and given numerous examinations and assessments.   Plaintiff was also given

21  medication for his pain.  However, Plaintiff claimed that his constitutional rights were violated

22  because he should have received a second surgery for his wrist instead of repeated assessments

23  and medication.

24      Plaintiff's allegations do not rise to the level of an Eighth Amendment violation.  A mere

25  difference of medical opinion does not rise to the level of an Eighth Amendment violation.

26  Toguchi v. Chung, 391 F.3d 1051, 1059-60 (9th Cir. 2004).  In order to violate the Eighth

27  Amendment, Plaintiff must allege facts that plausibly support the conclusion that Defendants'

28  chosen course of treatment was medically unacceptable under the circumstances and was chosen

4

1  by Defendants in conscious disregard of an excessive risk to Plaintiff's health.   Jackson v.

2  McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  The facts alleged by Plaintiff in both his original

3  claim and the First Amended Complaint fail to plausibly support the conclusion that Defendants

4  acted with deliberate indifference.  Even if Plaintiff was of the opinion that a more aggressive

5  treatment plan was warranted (i.e., a second surgery), Plaintiff does not allege any facts that

6  plausibly support the conclusion that Defendants' decision to proceed with a more conservative

7  approach was medically unacceptable under the circumstances or was chosen in conscious

8  disregard of an excessive risk to Plaintiff's health.   Accordingly, Plaintiff fails to state any

9  cognizable claims under the Eighth Amendment.

10       **C.**     **Dismissal Without Leave To Amend**

11  "[A] district court should grant leave to amend even if no request to amend the pleading

12  was made, unless it determines that the pleading could not possibly be cured by the allegation of

13  other facts."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotations and

14  citations omitted).  However, leave to amend may be denied if the plaintiff was previously

15  informed of the deficiencies in his claims and fails to cure those deficiencies.  Chodos v. West

16  Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

17  The Court previously informed Plaintiff of the deficiencies in his claims and the

18  allegations in Plaintiff's First Amended Complaint fail to address those deficiencies.

19  Accordingly, the Court finds that Plaintiff's claims cannot possibly be cured by the allegation of

20  other facts.  Accordingly, Plaintiff's claims will be dismissed without leave to amend.

21  **V.**

22  **CONCLUSION AND ORDER**

23  For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint

24  fails to state any cognizable claims under 42 U.S.C. § 1983 for the violation of Plaintiff's rights

25  under the Eighth Amendment.  Moreover, the Court finds that Plaintiff's claims cannot be cured

26  by the allegation of additional facts.

27  / / /

28  / / /

5

1    Accordingly, it is HEREBY ORDERED that:

2    1.    Plaintiff's First Amended Complaint is DISMISSED, without leave to amend, for

3          failure to state any claims; and

4    2.    The Clerk of the Court is directed to CLOSE this action.

5

6

7    IT IS SO ORDERED.

8    Dated:  __**June 17, 2013**__

9                                              _____

                                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28